*IN THE UNITED STATES DISTRICT COURT*
*FOR THE SOUTHERN DISTRICT OF OHIO*
*EASTERN DIVISION*

| | | |
|---|---|---|
| ZANETA SHIVERS<br>6412 Sharon Woods Boulevard<br>Columbus, Ohio 43229 | : | |
| | : | Case No. |
| Plaintiff | : | Judge |
| vs. | : | JURY DEMAND<br>ENDORSED HEREON |
| CHARTER COMMUNICATIONS, INC.<br>dba Spectrum Communications<br>1600 Dublin Road<br>Columbus, Ohio 43215 | : | |
| | : | |
| | : | |
| Defendant | : | |

*COMPLAINT*

I.    Preliminary Statement

1.    This action seeks declaratory, injunctive and equitable relief, compensatory and punitive damages; and costs and attorneys' fees for the race and age discrimination, and retaliation suffered by Plaintiff during her employment with and in her discharge by Defendant; for her wrongful discharge in violation of contractual obligations impliedly and by operation of promissory estoppel entered into by Defendant; and for the Defendants' intentional infliction of emotion distress upon Plaintiff.

II.    Jurisdiction

2.    This action arises under Title VII of the Civil Rights Act of 1964, 42 USC §2000e *et seq.*, the civil rights Act of 1991, 42 USC §1981a, the Age Discrimination in

Employment Act, 29 USC §621, *et seq.*, and the common law of the State of Ohio.

3. Jurisdiction over the federal claims is invoked pursuant to 28 USC §1343(4) and 42 USC §2000e-5(f) and over the state law claims pursuant to the doctrine of pendent jurisdiction.

4. A charge against Defendant alleging race and age discrimination was timely filed with the Equal Employment Opportunity Commission (EEOC) and the Ohio Civil Rights Commission (OCRC), and more than sixty (60) days have elapsed since the filing of the charge. A right-to-sue letter was issued by the Equal Employment Opportunity Commission (EEOC) on August 14, 2020, a true and accurate copy of which is attached hereto as Exhibit A, based upon a charge affidavit timely filed with both the EEOC and OCRC.

5. Declaratory, injunctive and equitable relief is sought pursuant to 42 USC §2000e-5(g).

6. Compensatory and punitive damages are sought pursuant to 42 UCS §1981(a) and under the pendent implied contract, promissory estoppel and intentional infliction of emotional distress claims.

7. Costs and attorneys' fees may be awarded pursuant to 42 USC §2000e-5(k) and Federal Rule of Civil Procedure 54.

III. Venue

8. This action properly lies in the United States District court, Southern District, Eastern Division, pursuant to 29 USC §1391(b), because the claims arose in this judicial district and pursuant to 42 USC §2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

2

IV.     Parties

9.      Plaintiff, Zaneta Shivers, is a 49 year old citizen and resident of the United States and Franklin County, Ohio and is African-American of black color. Plaintiff worked for Defendant for more than eighteen (18) years.

10.     Defendant, Charter Communications, dba Spectrum Communications, is an employer, doing business in the State of Ohio, engaging in an industry affecting commerce, and upon information and belief, employs more than five hundred (500) regular employees.

V.      Facts

11.     On or about April 2, 2001, Plaintiff, Zaneta Shivers, was hired by Defendant, Charter Communications, and worked for Defendant since that date until unjustifiably discharged from her employment with Defendant on April 16, 2019. Plaintiff last worked as a credit services specialist for Defendant.

12.     Throughout Plaintiff's employment with Defendant, Plaintiff relied upon promises and assurances set forth in Defendant's workplace rules and policies and Defendant's customs and practices with respect to employee relations and practices governing her employment with Defendant.

13.     During her employment with Defendant, Plaintiff has been subjected to discrimination, retaliation and harassment and has received different treatment than her similarly situated younger, Caucasian counterparts.

14.     Plaintiff was an eighteen (18) year, well performing employee throughout her employment with Defendant.

3

15. On or about April 19, 2019, Plaintiff was terminated for allegedly terminating a telephone call with a customer who had become belligerent and verbally abusive toward Plaintiff.

16. The termination was allegedly pursuant to a "zero tolerance" policy of Defendant, although Plaintiff had never been advised of such policy.

17. Defendant's alleged "zero tolerance" policy with respect to "hang-ups" is not documented.

18. Absent the alleged "zero tolerance" policy, Defendant would have had insufficient basis under its progressive discipline policies to terminate Plaintiff.

19. Similarly situated younger, Caucasian employees of Defendant had engaged in similar conduct as Plaintiff and had not been immediately terminated as was Plaintiff, pursuant to Defendant's alleged "zero tolerance" policy for hanging up on customers.

20. From the time, on or about February 11, 2018, that Plaintiff had begun a new position as a credit service specialist with Defendant, under supervisor, Joshua Bliss, contrary to Defendant's workplace rules, policies, customs, practices and procedures, Plaintiff had been treated differently compared to similarly situated younger, Caucasian employees with regard to training, computer access, workload assignments, denial of vacation leave, denial of annual bonuses, with respect to performance ratings and salary increases, and with respect to receiving different and harsher discipline for similar infractions.

21. Absent any legitimate business rationale and/or basis, Plaintiff was denied the same training opportunities to learn her new position as similarly situated younger, Caucasian counterparts. While Defendant immediately provided training and assistance to

4

younger (under age 40) Caucasian co-workers, Defendant failed to provide the same training opportunities to Plaintiff.

22.     Absent any legitimate business rationale and/or basis, Defendant immediately provided younger, (under age 40), Caucasian counterparts of Plaintiff with immediate computer credentials and access to the necessary databases to perform their job duties while denying Plaintiff the same necessary immediate computer credentials and access.  Plaintiff was denied the necessary computer credentials and access, requiring Plaintiff to rely upon others for computer access to perform her job duties, and causing her to fall behind with regards to performance ratings and rankings.

23.     Plaintiff was assigned to resolve complains of customers residing in the Central Standard and/or Pacific Standard time zones while scheduled on an Eastern Standard time zone schedule.  This resulted in a daily three (3) hour delay in Plaintiff being able to contact customers to resolving billing/customer service issues as part of Plaintiff's job function, negatively impacting Plaintiff's job performance in comparison to her similarly situated younger, Caucasian counterparts who were not treated the same.

24.     Despite repeated requests, Joshua Bliss, Plaintiff's supervisor, refused to allow Plaintiff to work with customers in the same time zone as other younger, Caucasian similarly situated counterparts were permitted.

25.     Plaintiff was routinely assigned to the payment research functions rather than the balance transfer functions that were assigned to Plaintiff's similarly situated younger, Caucasian counterparts.   This resulted in less favorable treatment for Plaintiff in comparison to her similarly situated younger, Caucasian counterparts and set Plaintiff up for failure due to the more rigorous, harder to complete and more detailed duties, requiring

5

more time to complete and/or resolve issues as part of the payment research function.

26.     Plaintiff was treated differently than her younger, Caucasian counterparts in work duties assigned by Josh Bliss whereas Plaintiff's similarly situated younger, Caucasian counterparts were assigned "special projects" by Mr. Bliss, including but not limited to more favorable, plum assignments which did not require as much work and/or activity as the assignments Mr. Bliss routinely assigned to Plaintiff.

27.     Plaintiff's younger, Caucasian counterparts were allowed by Mr. Bliss to place their phones in an "unavailable" status, whereas Plaintiff was required to maintain her phone in an "available" status at all times.  The result of Plaintiff's younger, Caucasian counterparts being permitted to place their phones in an "unavailable" status caused Plaintiff's workload to increase as she was required to maintain her phones in an "available" status and receive additional calls that should have been taken by her younger, Caucasian counterparts who were permitted to place their phones  in an "unavailable" status.

28.     As a result of Plaintiff's similarly situated younger, Caucasian counterparts being permitted to place their phones in "unavailable" status, Plaintiff was required to answer additional incoming calls, take messages and/or locate and transfer calls to other employees, while her similarly situated younger, Caucasian counterparts were not required to perform the same job duties/functions.  This resulted in a harsher workload and reduced ticket resolutions for Plaintiff which had a negative impact on Plaintiff's work performance and ratings.

6

29.     Plaintiff was treated differently with respect to vacation and other leave requests wherein Plaintiff's vacation and leave requests were denied, but vacation and leave requests for Plaintiff's similarly situated younger, Caucasian counterparts' vacation and leave requests were routinely granted even if Plaintiff's vacation and/or leave requests were filed prior to those of her similarly situated younger, Caucasian counterparts. This was contrary to Defendant's workplace policies, customs, practices and procedures with regard to the granting/denial of vacation and/or leave requests.

30.     Plaintiff was treated differently with respect to annual bonuses and salary increases that were denied Plaintiff, whereas contrary to Defendant's workplace policies and procedures, Plaintiff's similarly situated younger, Caucasian counterparts were granted annual bonuses and salary increases for performing the same and/or similar job duties/functions, and in some issues, even lesser job functions.

31.     A disparate rating scale with respect to annual reviews, bonuses and salary increases was employed with respect to Plaintiff in comparison to her similarly situated younger, Caucasian counterparts, resulting in the denial of annual bonuses and salary increases to Plaintiff as compared to similarly situated younger, Caucasian counterparts.

32.     Plaintiff complained of different treatment at various times during the period March/April, 2018 through January 3, 2019, and was ultimately unjustifiably placed on a six (6) month performance improvement plan within one (1) week of her complaint on January 3, 2019 with regard to disparate and unfair treatment.

33.     During the term of the performance improvement plan, Mr. Bliss continuously harassed and threatened Plaintiff with termination for minor issues such as forgetting her password, until terminating Plaintiff's employment three (3) months prior to the expiration of

7

the performance improvement plan.

34.     Plaintiff sought counseling services and currently remains in therapy, with respect to the actions taken against her as set out in the instant Complaint.

### First Claim for Relief – Age Discrimination

35.     Plaintiff restates and incorporates, as if fully rewritten herein, the statements contained in paragraphs one (1) through thirty four (34) of this Complaint.

36.     Plaintiff was an older, age 47, more experienced, more senior employee in Defendant's employ at the time of her unlawful termination, having been with the company for more than eighteen (18) years.

37.     Plaintiff received a new position as a credit services specialist under supervisor, Joshua Bliss, on or about February 11, 2018.

38.     A few months prior to receiving the new position, Plaintiff had previously applied for the position and had been denied the position by Joshua Bliss.

39.     At the urging of another of Defendant's supervisors who had worked with Plaintiff and was aware of her good work ethic, Plaintiff was asked to re-apply for the credit services position, and received the position after Plaintiff's re-application.

40.     Immediately after acceptance into the new position, Mr. Bliss began treating Plaintiff differently than her younger (generally under the age of 40), Caucasian counterparts.

41.     The disparate and different treatment has been set forth in paragraphs thirteen (13) through forty (40) herein and throughout the instant Complaint.

42.     Plaintiff was discriminated against on the basis of her age as set forth herein by Defendant employing false, unfair and disparate treatment of Plaintiff with respect to

8

training, computer access, workload assignments, denial of vacation leave, denial of annual bonuses, with respect to performance ratings and salary increases associated therewith, with respect to receiving different and harsher discipline for similar infractions than similarly situated younger, Caucasian counterparts, and by terminating Plaintiff for reasons related to her age, the level of pay she was receiving and in order to create a savings in personnel costs to Defendant.

43.     Based upon Defendant's actions as set forth herein in this claim for relief, and at paragraphs thirteen (13) through thirty four (34) herein, Defendant has discriminated against Plaintiff with respect to the terms, conditions and privileges of her employment because of Plaintiff's age.  Based upon Defendant's actions, Plaintiff has been treated differently than younger, similarly situated employees and subjected to unequal and unfair terms and conditions of employment due to her age, in violation of discrimination laws.

44.     Because age was a motivating factor and made a difference in the decision to discipline and ultimately terminate Plaintiff as set out in paragraphs thirteen (13) through thirty four (34) herein, Defendant violated the Age Discrimination in Employment Act, with knowing and reckless disregard of that Act's proscriptions and acted with ill will toward Plaintiff.

45.     The acts of Defendant as previously alleged in paragraphs thirteen (13) through forty four (44) herein violate 29 U.S.C. §621 et seq. and Ohio Revised Code §4112.02 et seq. and other laws, rules and regulations which prohibit discrimination in employment on the basis of age, and as such, Plaintiff is entitled to recover the amount of salary and benefits which have been lost, among other losses, and a similar amount for liquidated damages.

9

**_Second Claim for Relief – Racial Discrimination, Harassment and Retaliation_**

46.     Plaintiff restates and incorporates, as if fully rewritten herein, the statements contained in paragraphs one (1) through forty five (45) of this Complaint.

47.     As race was a motivating factor in Plaintiff's discharge, the harassment and retaliatory conduct of Defendants against Plaintiff, and the difference in treatment received by Plaintiff compared to similarly situated Caucasian employees with respect to discipline, application of Defendants' policies, termination and other terms and conditions of employment as set out in paragraphs thirteen (13) through thirty four (34) above, Defendant has discriminated against Plaintiff with respect to the terms, conditions and privileges of her employment because of Plaintiff's race and color.

48.     Plaintiff has been treated differently than similarly situated Caucasian employees and subjected to unequal and unfair terms and conditions of employment on the basis of the events and occurrences set out in paragraphs thirteen (13) through thirty four (34) of the instant Complaint.

49.     Because race was a motivating factor in Defendant's failure to promote, failure to train, and its discipline and termination of Plaintiff, and with respect to the harassment and retaliatory action against Plaintiff with regard to each charge of discrimination filed as set out in paragraphs thirteen (13) through thirty four (34) herein, Defendant has violated laws against discrimination.

50.     By reason of such unlawful, intentional, willful and reckless discriminatory treatment, as set forth above, Defendant has discriminated against Plaintiff due to her age, race and color in violation of Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, and Ohio Revised Code §4112.02, and Plaintiff is entitled to recover the amount of

salary and benefits which have been lost and other losses as compensatory and punitive damages.

### Third Claim for Relief – Wrongful Discharge, Breach of Implied Contract and Promissory Estoppel

51.     Plaintiff restates and incorporates, as if fully rewritten herein, the statements contained in paragraphs one (1) through fifty (50) of this Complaint.

52.     By failing to adhere to its policies governing discrimination, employment relations, discipline, raises and bonuses, oral representations made to Plaintiff, and its customs and practices as set out in paragraphs thirteen (13) through thirty four (34) herein, Defendant has breached its implied contractual obligations to Plaintiff.

53.     Defendant made promises and assertions and committed acts and followed certain customs and practices upon which Plaintiff relied to her detriment and which led Plaintiff to believe her employment was secure so long as she performed her job, that discipline and discharge was subject to procedural steps and safeguards and that discharge would only be for just cause.

54.     Plaintiff, at all times, satisfied the implied contractual agreement by fulfilling her employment responsibilities and at no time provided any cause for discharge.

55.     Defendant breached its promises, assertions, policies, and custom and practice, which were relied upon by the Plaintiff as constituting covenants of an implied employment agreement between Plaintiff and Defendant when, contrary to its work rules and policies, it treated Plaintiff differently than similarly situated younger, Caucasian counterparts with regard to training, computer access, workload assignments, denial of vacation leave, denial of annual bonuses, with respect to performance ratings and salary

increases associated therewith, and with respect to receiving different and harsher discipline for similar infractions.

56.     The actions and conduct of Defendant toward Plaintiff with regard to training, computer access, workload assignments, denial of vacation leave, denial of annual bonuses, with respect to performance ratings and salary increases associated therewith, and with respect to receiving different and harsher discipline for similar infractions than similarly situated younger, Caucasian counterparts  constitute a breach of the implied contract of continued employment and of covenants of good faith and fair dealing and were in bad faith, malicious, and designed to deprive Plaintiff of her employment with Defendant without just or legal cause.

57.     As a result of Defendants' unlawful conduct, Plaintiff has suffered grievous emotional distress and harm as a result of the wrongful discharge.

58.     As a direct and proximate result of the wrongful discharge, Plaintiff has suffered loss of pay, loss of benefits and loss of employment.

## *Fourth Claim for Relief – Intentional Infliction of Emotional Distress*

59.     Plaintiff restates and incorporates, as if fully rewritten herein, the statements contained in paragraphs one (1) through fifty eight (58) of this Complaint.

60.     Plaintiff alleges that Defendant retaliated against her, continuously harassed her, subjected her to improper disciplinary actions, and removed him from her employment for reasons unrelated to its work rules and policies, for reasons based upon her age, race and color and for reasons contrary to law and that Defendant knew or should have known that its conduct would cause Plaintiff serious emotional harm.

61.    The conduct of Defendants in retaliating against Plaintiff, harassing Plaintiff, subjecting Plaintiff to improper disciplinary actions, removing Plaintiff from her employment and for the other reasons as set out in this Complaint and at paragraphs thirteen (13) through thirty four (34) of this Complaint, has inflicted emotional distress upon Plaintiff and she has suffered mental anguish and depression as a result of the improper discipline, discharge and conduct of Defendant.

62.    Such actions of Defendant constitute ill will, malice, extreme and outrageous conduct and were committed intentionally, recklessly and without regard to Plaintiff's rights.

VI.    Prayer for Relief

WHEREFORE, Plaintiff demands judgment against Defendant and prays that this Court:

1.    Declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights;

2.    Enjoin Defendant from engaging in such conduct;

3.    Under Plaintiff's First Claim, award Plaintiff compensatory damages in an amount in excess of *Seventy Five Thousand and 00/100 ($75,000.00) Dollars*; and punitive damages in an amount in excess of *Seventy Five Thousand and 00/100 ($75,000.00) Dollars* against the Defendant and restore Plaintiff to her rightful position of employment;

4.    Under Plaintiff's Second Claim, award Plaintiff compensatory damages in an amount in excess of *Seventy Five Thousand and 00/100 ($75,000.00) Dollars*; and punitive damages in an amount in excess of *Seventy Five Thousand and 00/100*

($75,000.00) *Dollars* against the Defendant and restore Plaintiff to her rightful position of employment;

     5.     Under Plaintiff's Third Claim, award Plaintiff compensatory damages in an amount in excess of *Seventy Five Thousand and 00/100 ($75,000.00) Dollars*; and punitive damages in an amount in excess of *Seventy Five Thousand and 00/100 ($75,000.00) Dollars* against the Defendant and restore Plaintiff to her rightful position of employment;

     6.     Under Plaintiff's Fourth Claim, award Plaintiff compensatory damages in an amount in excess of *Seventy Five Thousand and 00/100 ($75,000.00) Dollars*; and punitive damages in an amount in excess of *Seventy Five Thousand and 00/100 ($75,000.00) Dollars* against the Defendant and restore Plaintiff to her rightful position of employment; and

     7.     Under each of Plaintiff's claims above, Plaintiff demands judgment for interest, court costs, attorneys' fees and expert witness fees, where appropriate, and any other relief that Plaintiff may be entitled to in law or equity.

RENNY J. TYSON CO., LPA

Renny J. Tyson                 (0022576)
Attorney for Plaintiff, Zaneta Shivers
1465 East Broad Street
Columbus, Ohio 43205
Telephone:   614-253-7800
Fax:         614-253-7855
Email:       admin@rennytysonlaw.com

14

## *JURY DEMAND*

Plaintiff demands a trial of this cause by jury.

Renny J. Tyson                                    (0022576)
Attorney for Plaintiff, Zaneta Shivers

EXHIBIT A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Zaneta Shivers**
**6412 Sharon Woods Blvd.**
**Columbus, OH 43229**

From: **Indianapolis District Office**
**101 West Ohio Street**
**Suite 1900**
**Indianapolis, IN 46204**

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 22A-2019-01994 | Jeremy A. Sells, State & Local Coordinator | (463) 999-1161 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Michelle Eisele*

August 14, 2020

Enclosures(s)

**Michelle Eisele,**
**District Director**

*(Date Mailed)*

cc:   **HR Director**
**CHARTER COMMUNICATIONS, INC. DBA**
**SPECTRUM COMMUNICATIONS**
**1606 Dublin Rd.**
**Columbus, OH 43229**

**Renny J. Tyson**
**Attorney at Law**
**1465 East Broad St.**
**Columbus, OH 43205**

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* **this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Enclosures(s)

cc: